CLD-087                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2407
_____

MARKALE-ALSAMOD SOWELL,
                                        Appellant
v.

ALTOONA POLICE DEPARTMENT; GARRETT N. TRENT; LT. MICHAEL
SAPIENZA; POLICE OFFICER ALTON PITTMAN; BADGE NUMBER #300;
BADGE NUMBER #264; BADGE NUMBER #299; BADGE NUMBER #284;
BADGE NUMBER #266; BADGE NUMBER #256; BADGE NUMBER #259;
BADGE NUMBER #169; BADGE NUMBER #268; LT. COX; SGT. MERRILL;
CHIEF JANICE FREEHLING; PETER J. WEEKS, District Attorney; CIRO, K-9
Officer; CPL. SWOPE; LOGAN TOWNSHIP POLICE DEPARTMENT;
GEORGE SWANDER, III, Police Officer; BLAIR COUNTY PRISON;
COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 3:21-cv-00060)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 14, 2024
Before:  KRAUSE, FREEMAN, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: April 5, 2024)
_____

**PER CURIAM**

Pro se appellant Markale-Alsamod Sowell appeals from the District Court's dismissal of his civil rights claims. For the reasons that follow, we will summarily affirm the District Court's judgment.

I.

Sowell set out the following allegations in his amended complaint. On September 29, 2019, he was sitting on his porch steps with several friends when police officer Garrett Trent of the Altoona Police Department walked up to them. Trent told them that he was following up on a 911 call from two days prior claiming that "a group of African-Americans were harassing people walking by . . . and the tenants" of the apartment building. Am. Compl. ECF p. 8-9. Trent requested their personal information and then ran criminal background checks on them. Because there was a warrant out for Sowell's arrest from Lycoming County, Sowell was handcuffed and placed in a police car while Trent contacted officers from Lycoming. Trent was told to release Sowell and he did.

Trent then applied for a search warrant, which was approved by Court of Common Pleas Judge Timothy Sullivan. Early the next morning, Sowell's apartment was raided by officers from the Altoona and Logan Police Departments, who searched his apartment

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

but did not show him a search warrant. Sowell was arrested for possessing drugs found in the apartment. He alleged that neither he nor the Commonwealth was represented by counsel at his arraignment and that Trent testified to the judge that Sowell was being investigated for gang activity. Sowell claims that, at his subsequent preliminary hearing, Trent testified to hearsay that was "uncorroborated by anyone." Id. at ECF p. 12. Sowell's attorney did not see the search warrant until February 2020, and Sowell claimed that the warrant was missing information and falsely accused him of committing a drug crime. He maintained that other documentation contained inaccurate dates.

Sowell contended that District Attorney Peter J. Weeks, who was involved in the case, should have noticed these errors, and that police officers who executed the search lacked authority to enter his apartment. He maintains that the Blair County Prison should not have taken him into custody pursuant to any proceedings stemming from the search warrant.

In 2021, Sowell filed a complaint in the District Court bringing civil rights claims against Trent, DA Weeks, the Altoona and Logan Police Departments, officers from those police departments who were involved in his arrest, Blair County Prison, and the Commonwealth of Pennsylvania. The case was stayed pending the conclusion of Sowell's criminal case. Sowell ultimately pleaded guilty to criminal conspiracy (with the object crime being possession with intent to deliver) in August 2022 relating to this incident; his remaining charges were dismissed pursuant to his plea agreement. He then

3

filed an amended complaint adding Judge Sullivan, a newspaper, and a journalist as defendants.

In response to motions, Sowell submitted documents relevant to his criminal case — including the search warrant at issue, the affidavit of probable cause supporting the search warrant, the warrant to commit and detain him, and the criminal complaint against him. The affidavit of probable cause is a six-page document describing how Trent responded to a 911 call from a named maintenance worker in Sowell's apartment building who was concerned that Sowell and another resident were selling drugs out of their apartments and parked vehicles and that they were also harassing other tenants. Trent also described stopping Sowell and interviewing the maintenance worker at the police station at another time to get more details on the activity at the complex. Trent explained that there was strong evidence that narcotics were being trafficked out of the apartments and vehicles, noted the criminal histories of the individuals involved, and requested a sealed, nighttime warrant to safely execute the search and protect the witness. The information in the search warrant aligns with the information listed in the affidavit. Sowell did not include any documents with date discrepancies.

Defendants moved to dismiss Sowell's complaint. Adopting a Magistrate Judge's report and recommendation over Sowell's objections, the District Court dismissed his

claims with prejudice.  Sowell timely appealed.[1]

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's dismissal of Sowell's claims.  See Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009).  Dismissal is appropriate "if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility."  Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011).  In our review, we consider Sowell's complaint, any "document integral to or explicitly relied upon" in framing the complaint, Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (internal citation and emphasis omitted), and any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  We may summarily affirm the District Court's decision if the

---

[1] Sowell's motion to reopen this appeal is granted.  His motion to proceed in forma pauperis is denied as unnecessary, as his motion to proceed in forma pauperis on appeal was granted in the District Court, which has already begun assessing his filing and docketing fees in installments as required.  See Fed. R. App. P. 24(a)(2).

appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

We agree that dismissal of Sowell's claims was appropriate here. First, several defendants are immune from suit under these circumstances. Although it is unclear what claims Sowell sought to bring against Judge Sullivan for signing Sowell's search warrant, these claims are barred by absolute immunity. See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978). Sowell did not allege that Judge Sullivan engaged in nonjudicial acts or lacked jurisdiction. See Figueroa v. Blackburn, 208 F.3d 435, 443 (3d Cir. 2000) (explaining that "[a] judge will not be deprived of immunity because the action he took is in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction") (citations and internal quotation marks omitted).

Similarly, Sowell's claims against DA Weeks are barred by absolute immunity, as his allegations indicate that Weeks acted entirely within the scope of his role as a prosecutor. See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."). To the extent that Sowell sought to bring any claims against Trent for testifying at his preliminary hearing, Trent is protected by absolute

6

immunity for testifying as a witness in a judicial proceeding. See Rehberg v. Paulk, 566 U.S. 356, 367-68 (2012).

Next, Sowell sued several defendants who cannot be liable under § 1983 under these circumstances. He cannot bring § 1983 claims against either the private journalist or newspaper as he has not provided allegations suggesting that they were state actors for purposes of § 1983. See Benn v. Universal Health Sys., Inc., 371 F.3d 165, 169-71 (3d Cir. 2004). The Commonwealth of Pennsylvania is not a "person" subject to suit under § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 (1989). Sowell did not claim that he was injured by any policy or custom of either municipal police department. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Finally, Sowell made no specific factual allegations of constitutional violations against the officers who participated in the search of his apartment other than Trent; he did not claim that they had any prior knowledge or awareness of the facts underlying the issuance of the search warrant.[2]

The District Court also properly dismissed Sowell's remaining claims against Trent regarding his stop and later arrest after his apartment was searched.[3] Regarding

---

[2] Although Sowell also named Blair County Prison as a defendant, he failed to plead a plausible claim that it violated his constitutional rights in any way.

[3] Sowell does not appear to challenge his prosecution itself with his allegations. If he had sought to bring a malicious prosecution claim, it would have been barred at this time because success on such a claim would necessarily imply the invalidity of his conviction. See Heck v. Humphrey, 512 U.S. 477, 487 (1994); see also Thompson v. Clark, 596 U.S.

Sowell's initial encounter with Trent, "an officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000). Here, Trent was responding to a 911 call; Sowell and the others with him matched the description provided by the caller. See United States v. Torres, 961 F.3d 618, 623 (3d Cir. 2020) ("Reasonable suspicion requires only a particularized and objective basis for suspecting criminal activity based on the totality of the circumstances.") (internal quotation marks and citation omitted). Upon learning of the open arrest warrant for Sowell in another county — which Sowell has not challenged in any way — Trent was permitted to detain him further. See generally Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 568 (1971); Pa. R. Crim. P. 515(A). Sowell maintains that he never received access to a recording of the underlying 911 call, but he has provided no factual allegations suggesting that Trent violated his constitutional rights during this encounter.

Next, regarding Sowell's subsequent arrest in his apartment, to allege a false arrest claim under the Fourth Amendment, a plaintiff must make factual allegations that "the arrest was made without probable cause."[4] James v. City of Wilkes-Barre, 700 F.3d 675,

---

36, 39 (2022) (holding that plaintiff seeking to bring a Fourth Amendment malicious prosecution claim under § 1983 must show that he obtained a favorable termination of the criminal prosecution against him).

[4] To the extent that Sowell listed several other constitutional amendments in his amended complaint, he did not include any factual allegations that could support any additional

8

680 (3d Cir. 2012). Similarly, to state a false imprisonment claim, a plaintiff must allege that an arrest was made without probable cause. See Groman v. Twp. Of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995).

Sowell has repeatedly insisted that the search of his apartment and his subsequent arrest were based on a false report of harassment, but again, his complaint does not include factual allegations to support his conclusory statements. Sowell provided records in the District Court showing that Trent thoroughly documented support for a search warrant with allegations of drug activity, including information from a named witness he spoke to several times. See United States v. Miknevich, 638 F.3d 178, 185 (3d Cir. 2011) ("[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity.") (citation omitted). Fundamentally, Sowell alleges only that he did not timely receive documentation showing what the witness told police.[5] Sowell's amended complaint also does not address his subsequent guilty plea to

---

federal constitutional claims, and he cannot bring claims for rights pursuant to the Pennsylvania state constitution. See Jones v. City of Phila., 890 A.2d 1188, 1208 (Pa. Commw. Ct. 2006) ("[N]either Pennsylvania statutory authority, nor appellate case law has authorized the award of monetary damages for a violation of the Pennsylvania Constitution.").

[5] In his amended complaint, Sowell stated that the witness who spoke to Trent told Sowell in a phone call nine months after his arrest that he never gave a statement to Trent and never took photos or videos of Sowell "doing anything illegal" to show to Trent. See Am. Compl. at ECF p. 14-15. However, Sowell also included a copy of an incident report from October 2019 showing that the witness willingly came to the police station for a second time and consented to a search of his phone; police extracted photos and videos for Trent to review for this case. Sowell acknowledges this police encounter and seems to allege that because he never got access to these photos or videos, they must not

a conspiracy offense stemming from the drugs found in his apartment. Because Sowell did not make factual allegations to indicate that Trent lacked probable cause to justify the approval of a search warrant, Sowell also cannot state an unreasonable search and seizure claim. See Terry v. Ohio, 392 U.S. 1, 9 (1968) ("[W]hat the Constitution forbids is not all searches and seizures, but unreasonable searches and seizures.") (citation omitted). Finally, to the extent that Sowell challenges the validity of the search warrant based on technical state procedural requirements, "Section 1983 does not provide a cause of action for violations of state statutes." [6] See Benn, 371 F.3d at 174.

Accordingly, we will summarily affirm the District Court's judgment.

----

exist. However, Sowell's speculation about the status of those records is not a factual allegation to support his argument that there was no probable cause for his arrest, and he does not address the witness's initial police contact that brought Trent out to the apartment building. See Morrow v. Balaski, 719 F.3d 160, 165 (3d Cir. 2013) ("[W]e are not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation.") (citation omitted).

[6] Sowell has not clarified his allegations in any of his other filings to suggest that he could offer additional factual allegations to overcome these barriers to relief. Because Sowell already had an opportunity to amend his complaint, granting him further leave to amend would have been futile and dismissal with prejudice was appropriate. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).